IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02418–PAB–KMT

XPAYS, INC.,

    Plaintiff,

v.

DOES 1-17,

    Defendants.

# ORDER

This matter is before the court on "Plaintiff's Motion and Memorandum in Support of its Motion for Leave to Take Discovery Prior to Rule 26(f) Conference." (Doc. No. 7, filed Oct. 3, 2012.) For the following reasons, Plaintiff's Motion is GRANTED in part.

In this case, Plaintiff alleges that the John Doe Defendants used an interactive "peer-to-peer" file transfer technology protocol called BitTorrent to infringe upon Plaintiff's copyrighted motion picture, "1 Night in Paris." (*See* First Am. Compl., Doc. No. 6, filed Oct. 3, 2012). In its Motion, Plaintiff seeks a court order authorizing it to conduct discovery before the parties have conferred pursuant to Fed. R. Civ. P. 26(f) in order to discover the Doe Defendants' identities.

First, as a general rule, the use of "John Doe" or other fictitious names to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (internal citation omitted). However, circumstances arise "where the identity of alleged defendants will

not be known prior to the filing of a complaint." *Id.* (internal citations omitted).  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  *Id.* (internal citations omitted); *see also Tracfone Wireless, Inc.*, 642 F.Supp.2d 1354, 1361 (S.D. Fla. 2009).

Plaintiff believes that without this information, it cannot serve the Doe Defendants nor pursue this lawsuit.  As such, Plaintiff proposes to serve subpoenas pursuant to Fed. R. Civ. P. 45 on the Doe Defendants' Internet Service Providers ("ISPs"), which, accordingly to Plaintiff, can use the Doe Defendants' Internet Protocol ("IP") addresses to identify the Doe Defendants, as well as any related intermediary ISPs.

Federal Rule of Civil Procedure 26(d) generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f).  *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).  However, Rule 26(d) goes on to explain that discovery may be conducted prior to a Rule 26(f) conference "when authorized by . . . court order."  Fed.R.Civ.P. 26(d); *Arista Records, LLC v. John Does 1-19*, 551 F.Supp.2d 1, 6 (D.D.C. 2008).  In this district, courts have permitted such expedited discovery upon a showing of good cause.  *Pod-Ners v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (citing *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001)) (finding good cause exists for expedited discovery in cases involving infringement and unfair competition).

The court finds that good cause exists to permit Plaintiff to conduct expedited discovery to ascertain the identities of the Doe Defendants. Indeed, this case is similar to *Arista Records*, where the court permitted expedited discovery to identify defendant allegedly engaged in copyright infringement by downloading and distributing the plaintiffs' recording using an "online media distribution system." 551 F. Supp. 2d at 3. There the court found that the plaintiffs had set forth good cause for expedited discovery because the "[d]efendants must be identified before this suit can progress further." *Id.* at 6.

Much like the *Arista Records* defendants, Defendants here have engaged in anonymous online behavior, which will likely remain anonymous unless Plaintiff is able to ascertain their identities. Thus, Plaintiff reasonably believes that there are no practical methods to discover the Doe Defendants' identities without court-ordered discovery.

Accordingly, because it appears likely that Plaintiff will be thwarted in its attempts to identify the Doe Defendants without the benefit of formal discovery mechanisms, the court finds that Plaintiff should be permitted to conduct expedited discovery, pursuant to Fed. R. Civ. P. 45, for the limited purpose of discovering the identities of the Doe Defendants.

Therefore, for the foregoing reasons, it is

**ORDERED** that "Plaintiff's Motion and Memorandum in Support of its Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Doc. No. 7) is GRANTED in part. Plaintiff may serve third-party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs for the limited purpose of ascertaining the John Doe Defendants' identities, as set forth herein.

It is further

**ORDERED** that

1. The subpoenas are limited to providing Plaintiff with the true name, address, email address, and Media Access Control ("MAC") address of the Doe Defendants to whom the ISP(s) assigned an IP address. The subpoenas are limited to the information relating to the IP addresses set forth in Exhibit A to Plaintiff's Original Complaint (Doc. No. 1-4). Plaintiff shall serve a copy of this order with the issued subpoenas;

2. Any ISP that qualifies as a "cable operator" as defined by 47 U.S.C. § 522(5) shall comply with 57 U.S.C. § 551(c)(2)(B) by serving a copy of the subpoena and this order on the subscriber no later than 21 days after service of the subpoena on the ISP. The ISP may serve the relevant Doe Defendant using any reasonable means, including written notice to his last known address, transmitted by either first-class mail or overnight service;

3. The Doe Defendants shall have 30 days from the date of service of this order and the subpoena from their ISP to file a motion, or motions, contesting the subpoena. No ISP may turn over the Defendants' identifying information before this 30-day period expires. If a Doe Defendant files a motion to quash, or other similar motion, their ISP shall not turnover any information to Plaintiff until the appropriate court rules in favor of Plaintiff on the merits of the motion. In addition, a Doe Defendant or ISP who files such a motion must immediately notify all ISPs so that the ISPs are on notice not to release any of that Doe Defendants' contact information to Plaintiff until the appropriate court rules on such motions;

4. If that 30-day period lapses without the appropriate Doe Defendant contesting the subpoena, or if the appropriate court rules in favor of Plaintiff on any motion(s) contesting the relevant subpoena, the ISP shall have 14 days to produce the information responsive to the subpoena to Plaintiff;

5. The subpoenaed ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion contesting the subpoena;

6. Nothing set forth herein abrogates the protections afforded to the Doe Defendants or the ISPs under Fed. R. Civ. P. 45(c); and

7. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Amended Complaint (Doc. No. 6).

Dated this 4th day of December, 2012.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge